# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| CURTIS JACKSON, : | |
| Plaintiff : | |
| VS. : | NO. 5:09-CV-274 (CAR) |
| Officer TODD HASKINS, Secretary BERTHA TODD, Captain SLAUGHTER, Lieutenant THOMPSON, Detective ENDERS, Police Chief MIKE BURNS, Sheriff JOHN CARY BITTICK, County Commission Chairman HAROLD CARLISLE, LARRY & DOUG BUICE, Owners of Buice Garage/Wrecker, Detective BRAD CHRISTENSEN, Insurance Adjuster D.Z. PATTERSON, and Lieutenant ROPER, : | **PROCEEDINGS UNDER 42 U.S.C. §1983 BEFORE THE U. S. MAGISTRATE JUDGE**  <br><br> **ORDER & RECOMMENDATION** |
| Defendants : | |

Plaintiff **CURTIS JACKSON** has complied with the undersigned's previous order by filing a RECAST complaint against the above-named thirteen (13) defendants.

## I. STANDARD OF REVIEW

### A. 28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by prisoners against a governmental entity or its employees and dismiss any portion of the complaint the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. *General Requirements of 42 U.S.C. § 1983*

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

Plaintiff Jackson alleges multiple claims arising out of his arrests on August 2 and August 5, 2007. At approximately 11:30 p.m. on August 2, 2007, plaintiff experienced problems with his tractor trailer and pulled over in a "No Parking" area on Interstate 75 in Monroe County, Georgia. According to plaintiff, other trucks were parked in the same area, but defendant Officer Todd Haskins targeted plaintiff because of his race. Haskins approached plaintiff and asked for proof of his insurance which plaintiff admits had expired. Haskins ran serial numbers on plaintiff's truck which was not in plaintiff's name and low-boy trailer and caterpillar machines which were indicated to have been stolen. Haskins then arrested plaintiff, took him to the Monroe County Jail, and had plaintiff's equipment confiscated. Plaintiff alleges that he was wrongfully arrested and subjected to an illegal search and seizure.

Plaintiff was released from the Monroe County Jail on bond on August 4, 2007, and returned to the jail the following day to collect his personal items. Defendant Secretary Bertha Todd greeted plaintiff and called defendant Detective Christensen about the return of plaintiff's personal items. After speaking with Christensen, Todd told plaintiff that she was awaiting a call approving the return of plaintiff's items. Apparently before receiving such a call, Christensen and defendant D.J. Patterson, an insurance adjuster, emerged and approached plaintiff.

2

Christensen re-arrested plaintiff because, after investigation, additional items of equipment appeared to be stolen. Plaintiff claims that he was neither read his Miranda rights nor fingerprinted during the arrest. He names defendants Captain Slaughter and Lieutenant Thompson as being responsible for these omissions.

Also on August 5, 2007, Christensen and Patterson allegedly searched plaintiff's truck without permission. Christensen and Patterson found documents indicating that plaintiff was working a job for a construction company.

Plaintiff Jackson complains that Patterson went to the construction site and obtained serial numbers on every piece of equipment owned by plaintiff. Patterson and Christensen then allegedly searched the serial numbers and received indication that additional items had been stolen. Presumably because the construction site was in Macon, Christensen called the Macon City Police to report the apparently stolen items. Defendant Detective Enders of the Macon Police Department then met with Patterson, and the two secured warrants for plaintiff's arrest. Plaintiff also names as a defendant, Macon Police Chief Mike Burns but makes no factual allegations regarding Burns.

Plaintiff alleges that on August 6, 2007, while he was confined in the Monroe County Jail, defendant Sergeant Roper dragged and pushed plaintiff into a glass room for questioning. Plaintiff claims that Roper, Patterson, and Christensen ignored plaintiff's request for a lawyer and nevertheless continued to question him.

Plaintiff names as a defendant Monroe County Sheriff John Cary Bittick and summarily alleges that the events occurring on August 2 and August 5, 2007, were under Bittick's authority. He also sues Harold Carlisle, Chairman of the Monroe County Board of Commissioners, because he is "liable for any mishandling of jail operations and oversight." Finally, plaintiff sues Larry and Doug Buice, Owners of Buice Garage/Wrecker, presumably because they towed some of plaintiff's equipment. Plaintiff generally alleges that the defendants Buice participated in a conspiracy, but does not allege any facts supporting a conspiracy.

Plaintiff Jackson was ultimately sentenced on April 2, 2009, to twenty years imprisonment for theft by receiving stolen property and operating a vehicle without a proper tag. He seeks various forms of relief herein, including damages.

## III. DISCUSSION

Plaintiff's claims are analyzed separately below for each defendant.

### A. *Dismissed Defendants*

#### 1. *Secretary Bertha Todd*

The only specific facts plaintiff alleges against Secretary Bertha Todd are that she greeted plaintiff and called Detective Christensen to inquire about the release of plaintiff's personal items. Plaintiff generally alleges that Todd was part of a conspiracy to detain plaintiff but alleges no facts supporting any such conspiracy. Vague and general allegations of a state official's participation in a conspiracy are insufficient to support such a conspiracy claim or to show a violation of section 1983. ***Fullman v. Graddick***, 739 F.2d 553 (11th Cir. 1984). In conspiracy cases, a defendant must be informed of the nature of the conspiracy which is alleged. It is not enough simply to allege in the complaint that a conspiracy existed. Here, plaintiff does not allege *any* facts upon which one could infer that a conspiracy existed. Accordingly, **IT IS RECOMMENDED** that defendant Bertha Todd be **DISMISSED** as a defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN FOURTEEN (14) DAYS after being served a copy of this order.

#### 2. *Captain Slaughter and Lieutenant Thompson*

Plaintiff's only allegations against Captain Slaughter and Lieutenant Thompson are that they failed to read plaintiff his Miranda rights or fingerprint him during the August 5th arrest. Plaintiff does not allege that these omissions affected his criminal conviction or that he otherwise suffered any injury.

4

The Eleventh Circuit Court of Appeals has held that law enforcement officers' failure to follow Miranda procedures "does not violate any substantive Fifth Amendment right so as to create a cause of action for money damages under § 1983." *Jones v. Cannon*, 174 F.3d 1271, 1290 (11th Cir. 1999). Even if plaintiff's Miranda rights were violated, the remedy would be the exclusion of any evidence taken in the arrest. *Id.* at 1290-91. In other words, plaintiff may only assert the alleged violation during any criminal proceedings resulting from his arrest— not in a section 1983 action.

Similarly, plaintiff should have raised in his criminal trial any valid issues associated with the defendants' failure to fingerprint. Moreover, if plaintiff raises the fingerprinting issue to allege that he was not the individual who committed the crimes for which he was convicted, plaintiff's claims would be barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). Accordingly, **IT IS RECOMMENDED** that Captain Slaughter and Lieutenant Thompson be **DISMISSED** as defendants in this case.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN FOURTEEN (14) DAYS after being served a copy of this order.

### 3. *Detective Enders*

It is unclear why plaintiff sues Detective Enders of the Macon Police Department. Plaintiff merely alleges that Enders met with Christensen and helped secure a warrant for plaintiff's arrest. Such allegations are insufficient to state a colorable claim against Enders. Accordingly, the undersigned **RECOMMENDS** that Detective Enders be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN FOURTEEN (14) DAYS after being served a copy of this order.

### *4. Police Chief Mike Burns*

Plaintiff Jackson makes *no allegations* against Police Chief Mike Burns. Presumably plaintiff sues Burns because he is Enders' supervisor. Burns cannot be held liable for his failure to supervise his subordinates unless Burns: "(1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; (2) directed his subordinates to act unlawfully; or (3) failed to stop his subordinates from acting unlawfully when he knew they would." *Gross v. White*, 2009 WL 2074234 at *2 (11th Cir. July 17, 2009) (citing *Goebert v. Lee County*, 510 F.3d 1312, 1331 (11th Cir. 2007). As indicated above, plaintiff has not alleged that Enders acted unlawfully. In any event, plaintiff makes no allegations against Burns that might support supervisory liability under the above standard. Consequently, **IT IS RECOMMENDED** that the Police Chief Mike Burns be **TERMINATED** as a defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN FOURTEEN (14) DAYS after being served a copy of this order.

### *5. Sheriff John Cary Bittick*

Plaintiff's only allegation against Sheriff Bittick is that the various individuals in the Monroe County Sheriff's Department acted under Bittick's "authority." Thus, plaintiff is alleging that Bittick has supervisory liability for the act of his subordinates. Plaintiff has not, however, alleged any facts that would support supervisory liability under the standard set forth in the immediately preceding section. According, **IT IS RECOMMENDED** that Sheriff John Cary Bittick be **DISMISSED** from this action.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN FOURTEEN (14) DAYS after being served a copy of this order.

### *6. Chairman Harold Carlisle*

Plaintiff sues Monroe County Commission Chairman Harold Carlisle because plaintiff believes that Carlisle is liable for events occurring at the Monroe County Jail. However, to establish liability of a county commissioner or commission, a plaintiff must show that the commission has a policy or custom of violating the constitutional rights of individuals and that the policy or custom is the moving force behind the alleged constitutional violation. ***Pembaur v. City of Cincinnati***, 475 U.S. 469, 479 (1986); ***Church v. City of Huntsville***, 30 F.3d 1332, 1343 (11th Cir. 1994). He must also show a direct causal link between the alleged policy and the constitutional deprivations. ***City of Canton, Ohio v. Harris***, 489 U.S. 387 (1989). Plaintiff has not alleged any such elements; he has not even alleged that Chairman Carlisle had knowledge of the events in question. Accordingly, **IT IS RECOMMENDED** that defendant Carlisle be **DISMISSED** as a defendant herein.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN FOURTEEN (14) DAYS after being served a copy of this order.

### *7. Larry and Doug Buice*

Although plaintiff has sued Larry and Doug Buice, Owners of Buice Garage/Wrecker, he has stated no constitutional claims against them. Moreover, there is no allegation that the Buices acted under color of state law. Because plaintiff has consequently failed to satisfy the threshold requirements for stating a section 1983 action against the defendants Buice, the undersigned **RECOMMENDS** that they be **DISMISSED** as defendants.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN FOURTEEN (14) DAYS after being served a copy of this order.

### B. Remaining Defendants

Construing the complaint liberally in favor of plaintiff, as this Court is required to do at this stage of the litigation, the Court concludes that plaintiff has pleaded sufficient facts to withstand the frivolity review against the remaining defendants, **OFFICER TODD HASKINS, DETECTIVE BRAD CHRISTENSEN, INSURANCE ADJUSTER D.Z. PATTERSON**, and **LIEUTENANT ROPER.** (The Court notes that D.Z. Patterson is a private citizen, but plaintiff may have alleged sufficient facts for Patterson to be liable under section 1983 as a "state actor.")

Accordingly, **IT IS HEREBY ORDERED** that service be made against **OFFICER TODD HASKINS**, **DETECTIVE BRAD CHRISTENSEN**, **INSURANCE ADJUSTER D.Z. PATTERSON**, and **LIEUTENANT ROPER**, and that they file a **WAIVER OF REPLY**, an **ANSWER**, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.

This Court previously permitted plaintiff to proceed *in forma pauperis*. However, plaintiff is nevertheless obligated to pay the full amount of the $350.00 filing fee, as described later in this order. It is further **ORDERED** that a copy of this order be served upon plaintiff's prison custodian.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address. **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

☞ ### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute. Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court; to serve copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented; and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

## DISCOVERY

PLAINTIFF SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANTS FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF. THE DEFENDANTS SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL NOT BE FILED WITH THE CLERK OF COURT. **NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!** The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a **SEPARATE MOTION** therefor accompanied by a brief/memorandum of law citing supporting authorities. DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the *Prison Litigation Reform Act*, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the *Prison Litigation Reform Act*. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE UNITED STATES MAGISTRATE JUDGE

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all <u>pretrial</u> matters. In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and <u>all</u> proceedings in a jury or nonjury civil matter <u>and</u> to order the entry of judgment in a case upon the <u>written</u> <u>consent</u> of all of the parties. Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞   After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented. Upon receipt of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS. Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients. However, counsel must specify on the **ELECTION FORMS** on whose behalf the form is executed.

**SO ORDERED AND RECOMMENDED**, this 28th day of APRIL, 2010.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

# ADDENDUM TO ORDER

## NOTICE TO ALL PARTIES

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT.

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. <u>NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.</u>

DO <u>NOT</u> FILE <u>ANY</u> DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.