**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

**CURTIS JACKSON,**

     **Plaintiff,**

     **v.**                     **Civil Action No. 5:09-CV-274 (HL)**

**TODD HASKINS, et al.,**

     **Defendants.**

## ORDER

Currently before the Court is the Recommendation of United States Magistrate Judge Claude W. Hicks Jr., entered on April 28, 2010 (Doc. 23), in which he recommends that Defendants Todd, Slaughter, Thompson, Enders, Burns, Bittick, Carlisle, and Larry and Doug Buice be dismissed from this action.

Plaintiff has filed an objection (Doc. 27) to the Recommendation. The Court has made a *de novo* review of the portions of the Recommendation to which objection is made.

**I.     Background**

Plaintiff contends that Defendants violated his constitutional rights pursuant to 42 U.S.C. § 1983, violated the Georgia Tort Claims Act, and were involved in a conspiracy arising from his arrest and conviction for theft by receiving stolen property and operating a vehicle without a proper

tag. (Doc. 27, p. 2). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two elements. Wideman v. Shallowford Cmty. Hosp. Inc., 826 F.2d 1030, 1032 (11th Cir. 1987). First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. Id. Next, the plaintiff must allege that the act or omission was committed by a person acting under a color of state law. Id.

## II.  Analysis

Plaintiff raises several new arguments in his objection to the Magistrate Judge's order and recommendation. While district courts may consider new evidence and legal arguments raised for the first time in an objection to a recommendation, they are under no obligation to do so. Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009). A district court has discretion to decline to consider a party's argument when that argument was not first presented to the Magistrate Judge. Id. at 1292.

### a.  Slaughter, Thompson, Burns, Bittick, and Carlisle

Plaintiff contends in his objection that Slaughter, Thompson, Carlisle, Burns, and Bittick violated his constitutional rights under 42 U.S.C. § 1983, and are liable for their involvement with his arrest under the theory of respondeat superior and the Georgia Tort Claims Act. The Magistrate Judge concluded that Plaintiff failed to show any factual allegations to support his claims. Plaintiff was given the opportunity to recast his

complaint with guidance from the Magistrate Judge as to what Plaintiff needed to show to support his claims. (Doc. 6, p. 2). However, the Magistrate Judge reviewed the recast complaint, fully addressed each named defendant, and concluded that Plaintiff's claims were not supported by sufficient allegations. (Doc. 23). Plaintiff addresses each defendant in his objection, but only supports his complaint with new allegations and legal arguments not raised before the Magistrate Judge. The Court declines to consider the new evidence and legal arguments presented in Plaintiff's objection. <u>Williams</u>, 557 F.3d at 1292.

In his objection, Plaintiff alleges that Police Chief Mike Burns and Sheriff John Cary Bittick violated his constitutional rights by failing to supervise their subordinates. (Doc. 27, p. 11-12). In order for Burns and Bittick to be held liable for failure to supervise their subordinates, Plaintiff must show that they 1) instituted a custom or policy which resulted in a violation of the plaintiff's constitutional rights; 2) directed their subordinates to act unlawfully; or 3) failed to stop their subordinates from acting unlawfully when they knew they would. <u>Goebert v. Lee Co.</u>, 510 F.3d 1312, 1331 (11th Cir. 2007). Plaintiff has failed to provide any evidence that demonstrates that Burns or Bittick instituted a policy which resulted in a violation of his constitutional rights or that they directed their subordinates to act unlawfully. While Plaintiff alludes to the fact that Burns' and Bittick's subordinates acted unlawfully, he fails to provide any

evidence that Burns or Bittick had knowledge of their subordinate's actions.

### b. Bertha Todd and Detective Enders

Plaintiff contends in his objection that Bertha Todd and Detective Enders violated his constitutional rights by conspiring against him, which led to his arrest. (Doc. 27, p. 6-7). However, Plaintiff's allegations do not support his claim that Todd and Enders conspired against him and violated his constitutional rights. In conspiracy cases, vague and general allegations of a state official's participation in a conspiracy are insufficient to support such a conspiracy or to show a violation of 42 U.S.C. § 1983. Fullman v. Graddick, 739 F.2d 553, 560 (11th Cir. 1984). Plaintiff merely cites restatements of law in his objection and fails to establish any specific allegations of the Defendants' participation in the alleged conspiracy. All of Plaintiff's conspiracy allegations are too vague to support a conspiracy claim.

### c. Larry and Doug Buice

Plaintiff also contends in his objection that Larry and Doug Buice are liable under 42 U.S.C. § 1983 for impounding and auctioning confiscated property associated with the arrest. (Doc. 27, p. 15). However, Plaintiff failed to state any constitutional claims against Larry and Doug Buice in his recast complaint and did not provide any factual allegations as to whether they acted under color of state law to be held liable under 42 U.S.C. §

1983. Plaintiff states new claims and factual allegations concerning Larry and Doug Buice in his objection, but the Court will not consider them. Williams, 557 F.3d at 1292.

## III.    Conclusion

The Magistrate Judge was correct that Plaintiff has failed to allege sufficient involvement by Todd, Slaughter, Thompson, Enders, Burns, Bittick, Carlisle, and Larry and Doug Buice to support his claims of violations of 42 U.S.C. § 1983, violations of the Georgia Tort Claims Act, and conspiracy. Accordingly, the Recommendation (Doc. 23) is adopted and made the order of this Court. Todd, Slaughter, Thompson, Enders, Burns, Bittick, Carlisle, and Larry and Doug Buice are dismissed from this action. The case will proceed against Defendants Haskins, Christensen, Patterson, and Roper.

**SO ORDERED**, this the 17th day of June, 2010.

*s/  Hugh Lawson*

**HUGH LAWSON, SENIOR JUDGE**

SPO