# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

CURTIS JACKSON,

        Plaintiff

VS.

BRAD CHRISTENSEN, *et al.*,

        Defendants

NO. 5:09-CV-274 (CAR)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

**ORDER & RECOMMENDATION**

    Plaintiff **CURTIS JACKSON** has a 42 U.S.C. § 1983 lawsuit pending in this Court arising out of his arrests on August 2 and 4, 2007. By order and recommendation dated April 28, 2010, which was adopted by District Judge Hugh Lawson on June 17, 2010, the Court allowed plaintiff's lawsuit to go forward against four defendants.

    Prior to the defendants filing answers, plaintiff filed a motion to "Amend and Supplement his Complaint" (Tab # 28). In his motion, plaintiff seeks to add the following defendants: (1) Eddie Buice; (2) Esco or Esco Wrecker Service; (3) Traveler's Insurance Company; (4) Monroe County Board of Commissioners; (5) Captain Pete Jones of "Road Patrol Monroe County Sheriff"; and (6) Captain Keith Corley of "Dispatch Unit Monroe County Sheriff."

    Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, which was effective December 1, 2009, "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." "In all other cases, a party may amend its pleading only with the opposing

party's written consent or the court's leave. The court should freely give leave when justice so requires." Rule 15(a)(2).

Because plaintiff's motion to amend was filed within the period specified in Rule 15(a)(1), said motion is hereby **GRANTED**. *See Jemison v. Wise*, 386 Fed. Appx. 961 (11th Cir. July 28, 2010). This Court will accordingly consider the supplemental allegations in plaintiff's motion as amendments to his complaint.

After considering the new allegations contained in plaintiff's amended complaint, this Court concludes that plaintiff has not alleged a valid claim against any of the new defendants. Eddie Buice, Esco or Esco Wrecker Service, and Traveler's Insurance Company are private parties, and plaintiff has failed to allege any of the conditions for holding a private party liable as a state actor under section 1983. *See Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir.1992). Moreover, plaintiff's claim that Traveler's Insurance Company is "liable for all of [defendant/employee] D.Z. Patterson's ... actions" is invalid as a matter of law. "A defendant cannot be held liable under section 1983 on a respondeat superior or vicarious liability basis," and "every circuit court to consider the issue has extended the holding to private corporations as well." *Harvey*, 949 F.2d at 1129-30 (citing ***Monell v. Dep't of Soc. Serv.***, 436 U.S. 658 (1978)).

As to the Monroe County Board of Commissioners, plaintiff does not allege that any members of the Board had knowledge of the wrongful conduct alleged by plaintiff. Plaintiff therefore has not stated a valid claim against the Monroe County Board of Commissioners.

The Court further notes that plaintiff's amended complaint is untimely as to each of the above defendants. The two-year statute of limitations applicable to section 1983 actions filed in Georgia, *see **Williams v. City of Atlanta***, 794 F.2d 624 (11th Cir. 1986), expired in August 2009.

Because the statute has expired, it is too late for plaintiff to name new defendants, as their addition does not relate back to the filing of plaintiff's complaint. There is no credible basis for concluding that plaintiff's failure to name these parties resulted from a mistake concerning their identities. *See* Federal Rule of Civil Procedure 15(c)(1)(C)(ii). **Wayne v. Jarvis**, 197 F.3d 1098, 1103 (11th Cir.1999); **Toombs v. Ware County, Ga**, 2010 WL 3362601 (S.D. Ga. July 29, 2010).

As to Captains Pete Jones and Keith Corley, plaintiff alleges that these individuals are liable to him for damages for violating the Freedom of Information Act ("FOIA") (5 U.S.C. § 552) and the Georgia Open Records Act ("GORA") (O.C.G.A. § 50-18-70). According to plaintiff, in March 2010, he sought "dash cam videos" from Jones and, in May 2010, he sought "a copy of dispatch calls" from Corley. Both Jones and Corley failed to respond to plaintiff's requests.

The Court finds that plaintiff's claims against Jones and Corley do not arise out of the same transaction or occurrence as his claims against the originally named defendants. The Court therefore will not allow joinder of these separate and new claims in this action. *See **George v. Smith***, 507 F.3d 605, 607 (7th Cir.2007) ("[u]nrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that a [multi]-claim, [multi]-defendant suit produced but also to ensure that prisoners pay the required filing fees....").

Although plaintiff is free to file a new civil rights complaint against Jones and Corley, plaintiff is advised that FOIA does not apply to state or local agencies. *See **Wright v. Curry**,* 122 Fed. Appx. 724, 725 (5th Cir. 2004)(explaining that a state prisoner is not entitled to copies of records and transcripts from his state court criminal conviction under the Freedom of Information Act because this Act applies only to federal agencies). Moreover, this Court does not have federal question jurisdiction over GORA claims, which are based on state law.

3

Because plaintiff has not stated a valid claim against any of the defendants named in his amended complaint, it is hereby **RECOMMENDED** that Eddie Buice, Esco or Esco Wrecker Service, Traveler's Insurance Company, Monroe County Board of Commissioners, Captain Pete Jones of "Road Patrol Monroe County Sheriff," and Captain Keith Corley of "Dispatch Unit Monroe County Sheriff," be **DISMISSED** as defendants herein.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff may file written objections to this recommendation with the district judge to whom this case is assigned, within fourteen (14) days after being served a copy of this order.

**SO ORDERED AND RECOMMENDED**, this 31st day of January, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge