IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CURTIS JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:09-CV-274(MTT) |
| | ) |
| BRAD CHRISTENSEN, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

This matter is before the Court on Plaintiff Curtis Jackson's Motion to Stay Appealability of Judgment (Doc. 102) and Motion to Vacate Judgment (Doc. 103).[1] On September 9, 2011, United States Magistrate Judge Charles H. Weigle filed a Recommendation in which he recommended denying the Plaintiff's Motion for Summary Judgment and granting the Defendants' Motions for Summary Judgment. (Doc. 94). This Court granted the Plaintiff an extension of time in which to file an objection to the

---

[1]The Plaintiff's recent filings did not appear on the Court's docket until January 31, 2012. The Defendants claim, pursuant to the prison maibox rule, that the Plaintiff's filings should be "deemed filed" on January 26, 2012, the date Dooly State Prison officials stamped the Plaintiff's documents as "Received." *See* Doc. 103 at 1. The Defendants are correct that, pursuant to the prison mailbox rule, inmate filings are considered filed the date they are delivered to prison authorities for mailing. However, absent evidence to the contrary in the form of prison logs or other records, which the Defendants in this case do not cite, courts are to assume that a pro se prisoner's motion is delivered to prison authorities the date the prisoner signed the motion. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Here, the Plaintiff's Motion to Vacate and other documents are signed and dated January 25, 2012, and will be deemed filed on that date. *See* Doc. 103 at 13.

Magistrate Judge's Recommendation on three separate occasions, yet the Plaintiff failed to file an objection prior to the Court-imposed deadline of December 15, 2011. Thus, on December 28, 2011, the Court entered an order adopting the Magistrate Judge's Recommendation, granting the Defendants' Motions for Summary Judgment, and dismissing the Plaintiff's claims. Judgment was entered the same day. (Doc. 101).

Now, the Plaintiff has moved the Court to vacate its Judgment. In addition, the Plaintiff has filed an untimely 104-page objection to the Magistrate Judge's Recommendation. (Doc. 104). Whether the Plaintiff intended his lengthy objection as a brief in support of his Motion to Vacate or as a stand-alone objection is of no matter, as the Court is under no obligation to consider untimely objections. 28 U.S.C. § 636(b)(1); *Thomas v. Owens*, 2009 WL 3747162 (M.D. Ga. 2009). The Plaintiff was given over four months, as opposed to the customary 14 days, to file his objection, and the Court is not persuaded by his excuses for failing to do so. Accordingly, the Plaintiff's late-filed objection is overruled.

Federal Rule of Civil Procedure 60(b) sets forth the grounds on which a court, in its discretion, can vacate or amend a final judgment or order:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  "A motion to alter or amend a judgment cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment."  *Jones v. Southern Pan Services*, 2012 WL 29071 (11th Cir. 2012).

Here, the Plaintiff claims that the Judgment should be modified or vacated pursuant to Rule 60(b)(1), (3), (4), and (6).  Rule 60(b)(1) permits a court to relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect."  However, "such relief is available only for obvious errors of law and limited to perfunctory correction."  *Wendy's Intern., Inc. v. Nu-Cape Const., Inc.*, 169 F.R.D. 680, 687 (M.D. Fla. 1996) (citation omitted).  Having reviewed the record, the Court does not find that there were any facially obvious errors of law in the Magistrate Judge's Recommendation or in this Court's adoption thereof.

"To obtain relief from a final judgment based upon fraud under Rule 60(b)(3), the moving party must prove by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentation, or other misconduct.  The moving party must also demonstrate that the conduct prevented [him] from fully presenting his case."  *Waddell v. Hendry County Sheriff's Office*, 329 F.3d 1309 (11th Cir. 2003) (citation omitted).  The Plaintiff claims that the Judgment in this case was obtained by fraud because the Defendants misrepresented facts and perjured themselves under oath at the Plaintiff's criminal trial in February 2009 and because they committed numerous discovery abuses.  The Court finds that the Plaintiff has failed to meet his burden of establishing by clear and convincing evidence that the Defendants engaged in fraud or other misconduct.  Moreover, even if the Plaintiff had met his burden, he has

-3-

not shown how the Defendants alleged misconduct prevented him from fully presenting his case. The Court granted the Plaintiff multiple extensions of time in which to respond to the Defendants' Motions for Summary Judgment, yet he still failed to do so in a timely manner. Nonetheless, the Magistrate Judge considered the Plaintiff's untimely response, which was 99 pages long and therefore in violation of Local Rule 7.4, and reached a decision on the merits. Thus, the Plaintiff was not prevented from fully presenting his case.

Under Rule 60(b)(4), the Court may relieve a party from a final judgment or order if the Court finds the judgment is void. "Generally, a judgment is void under Rule 60(b)(4) if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." *Burke v. Smith*, 252 F.3d 1260, 1263 (11th Cir. 2001) (quotation marks and citation omitted). The Plaintiff claims he was denied due process because the Magistrate Judge failed to consider all the claims within his summary judgment motion. Although it is not clear which claims the Plaintiff contends did not receive proper consideration, the Court is satisfied that the Magistrate Judge did not err. In addition to finding the Plaintiff's claims barred by the applicable statute of limitations, the Magistrate Judge went a step further and reached the merits on each of the Plaintiff's claims. Even if the Magistrate Judge had overlooked one of the Plaintiff's claims, which the Court expressly concludes was not the case, the fault would lie not with the Court, but rather with the Plaintiff, as his Motion, perhaps unsurprisingly, exceeded the page limitation and, at times, bordered on incomprehensible. Accordingly, the Court finds that the Plaintiff was not denied due process of law, and Rule 60(b)(4) offers him no relief.

Rule 60(b)(6) permits a judgment to be set aside or modified for "any other reason" that justifies relief. "Relief under Rule 60(b)(6) is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Even when exceptional circumstances exist, however, the decision of "whether to grant the requested relief is a matter of the district court's sound discretion." *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000) (quotation marks and citation omitted). Simply put, the Plaintiff has not demonstrated that exceptional circumstances warrant granting him relief from the Court's previous orders.

As the Eleventh Circuit has stated, "Rule 60(b) was never intended to permit parties to relitigate the merits of claims or defenses, or to raise new claims or defenses that could have been asserted during the litigation of the case. Rather, the aim of Rule 60(b) [is] to allow a district court to grant relief when its judgment rests upon a defective foundation." *Gonzalez v. Sec'y for Dep't of Corr.*, 366 F.3d 1253, 1291-92 (11th Cir. 2004). For the reasons set forth above, the Judgment in this case rests on sound legal principles, and the Plaintiff is not entitled to relief under Rule 60(b).[2] Accordingly, his Motion to Vacate is **denied.**

The Plaintiff has also filed a Motion to Stay the Appealability of Judgment until the Court renders a decision on the Plaintiff's Motion to Vacate. Although not clear, the

---

[2] Though the Plaintiff clearly seeks relief under Rule 60(b), his Motion also contains a citation to Rule 59. Reconsideration of an order under Rule 59(e) is an extraordinary remedy, and the Plaintiff has not proven an intervening change in the law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice that would entitle him to relief under the Rule. *Sussman v. Salem, Saxon & Neilson, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). Thus, to the extent the Plaintiff has moved the Court to alter or amend its Judgment pursuant to Rule 59(e), the Motion is **denied**.

Plaintiff is presumably asking the Court to find that his Rule 60(b) Motion tolled the time for filing a notice of appeal.  Generally, the Plaintiff is correct that, if a party files a timely motion under Rule 59 or 60, the time to file a notice of appeal does not begin until the court enters an order disposing of the motion.  Fed. R. App. P. 4(a)(4).  However, to take advantage of this provision, a Rule 4(a)(4) motion must be filed within 28 days of entry of the judgment, and an untimely motion does not toll the time to appeal. *Advanced Estimating Sys. V. Riney*, 77 F.3d 1322, 1323 (11th Cir. 1996).

The Court issued a final Judgment dismissing the Plaintiff's claims on December 28, 2011.  On January 25, 2012, exactly 28 days later, the Plaintiff moved the Court to vacate its Judgment, pursuant to Rule 60(b).  The Plaintiff's Rule 60(b) Motion, for purposes of tolling, was therefore timely filed and will operate to toll the filing period for his notice of appeal.  Accordingly, the Plaintiff's Motion to Stay, to the extent this is the relief the Plaintiff seeks, is **granted**.  The thirty-day time limit for filing a notice of appeal will begin to run the on the date this Order disposing of the Plaintiff's Rule 60(b) Motion is entered.

**SO ORDERED,** this 21st day of March, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT